### WASHINGTON WATER POWER CO. v. KOOTENAI COUNTY et al.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1921.)

No. 3546.

On petition for modification of opinion. Opinion modified.
For former opinion, see 270 Fed. 369.

PER CURIAM. In the opinion filed we assume that tender made by the appellant was sufficient in amount to cover the taxes which should have been paid by the appellant, if the board of equalization had proceded consistently with relation to the valuation put upon other like property, and that therefore no penalty was recoverable, notwithstanding our opinion that under the statutes of Idaho one liable to pay taxes, and who makes a tender of an amount insufficient to cover the amount of the taxes lawfully assessed, is liable for all penalties and interest upon any sum found to be due. We adhere to that view of the law, and, in addition to citations already made, refer to Power et al. v. Detroit, 139 Mich. 30, 102 N. W. 288, 5 Ann. Cas. 645, Spencer v. Babylon R. Co., 250 Fed. 24, 162 C. C. A. 196, and Rixey's Executors v. Commonwealth, 125 Va. 337, 99 S. E. 573, 101 S. E. 404. But we were mistaken in assuming it to be inapplicable to the facts. The tender made was on the basis of 55 per cent. of an actual valuation claimed by appellant in a sum much less than was the actual value of the property ($3,620,500) of appellant as determined by our decision. The tender, therefore, was substantially less than it should have been, and appellant made itself liable for penalties and interest upon the sum ascertained to be legally due.

This order of modification is to be construed with the opinion already filed.